James H. Boomer, J.
Petitioner’s application is granted. Section 143 of the Election Law, which sets forth the dates for filing petitions and certificates, states in subdivision 12 thereof (as amd. by L. 1969, ch. 529) that “ The failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office * * * within the time prescribed by the provisions of this chapter shall be a fatal defect ’ ’. However, article 6-A of the Election Law, effective March 9, 1971 (L. 1971, ch. 22), establishes different dates for filing petitions and certificates for elections held in the year 1971. Section 149-b of that article declares that ‘ ‘ the provisions of this article shall be construed liberally ’ \ Since the only matters appearing in article 6-A are dates for filing petitions and certificates, it would appear that the Legislature intended that the courts retain the power to entertain applications for late filing of petitions and certificates for elections held in the year 1971.
Section 149-b of article 6-A also provides that the general provisions of the Election Law shall apply to the election held in 1971 “ except as they are inconsistent with this article ”. I deem section 143 of the Election Law, including subdivision 12 thereof, to be inconsistent with article 6-A, including the requirement of section 149-b of article 6-A that said article “ shall be construed liberally ”.